■ In the Matter of the Claim of GUSSIE PEER, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeal by claimant from a decision of the Unemployment Insurance Appeal Board affirming a decision of an unemployment insurance referee, which held that claimant was ineligible for benefits because she was incapable of employment from October 3 to November 14, 1955, and that she was ineligible to receive benefits after that date because she was unavailable for employment. Claimant began work on August 25, 1955, as a kitchen helper in a home for elderly ladies. She lost her job on September 30, 1955, because of illness which required her to seek medical care. When interviewed claimant stated that she was laid off because of illness and that she was then awaiting the result of a cardiograph examination. The referee found that claimant was physically able to work from and after November 14, and that she was not earnestly seeking employment thereafter with active efforts and was therefore unavailable for employment. The evidence sustains the findings of inability to work because of illness during the first period and unavailability for employment during the second period. Only questions of fact are presented. Decision of the Unemployment Insurance Appeal Board unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.

■ In the Matter of the Claim of ANITA W. BOLLINGER, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeal by claimant from a decision of the Unemployment Insurance Appeal Board, which reversed the decision of an unemployment insurance referee overruling the initial determination of the Industrial Commissioner holding claimant ineligible for benefits because she was unavailable for employment. Claimant is a married woman with two school age children. Her work history shows that for five years she worked irregular hours as a " Welcome Wagon " service representative and worked for periods of a few days as a substitute teacher. She involuntarily lost her employment with the " Welcome Wagon " and has been able to obtain little substitute teacher work due to lack of a substitute teacher's certificate. Claimant filed a claim for benefits and received 10 benefit checks. Thereafter, she filed an additional claim for benefits concerning which she was interviewed at the unemployment insurance office. At that time, claimant stated that she would not accept full-time employment but would be willing to work part of five days, or three full days, or would work full time while engaged in substitute teaching. The appeal board held that claimant restricted her search for employment to that for which there were no employment opportunities and found that she was not available for employment. Subdivision 2 of section 591 of the Unemployment Insurance Law (Labor Law, art. 18) provides that no benefits shall be payable to any claimant who is not able and willing to work in his usual employment or in any other for which he is reasonably fitted by training and experience. Claimant was fitted by her education and experience for various types of work, but her desire for only part-time work and her inability to obtain a substitute teacher's certificate sustain the finding implicit in the board's decision that she was not able and willing to work in fields where she was qualified. The result reached here is in accord with *Matter of Daly (Corsi)* (271 App. Div. 1036) and *Matter of Schmahman* (278 App. Div. 625). Decision of the Unemployment Insurance Appeal Board affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.